UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW VALLES,<br><br>                            Plaintiff,<br><br>            -against-<br><br>ATTTORNEY GENERAL OF THE UNITED STATES; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; ATTORNEY GENERAL OF THE STATE OF NEW YORK; ATTORNEY GENERAL OF THE STATE OF UTAH,<br><br>                       Defendants. | 25-CV-0473 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at FCI McKean in Bradford, Pennsylvania, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Valles v. Att'y Gen. of the United States*, No. 3:22-CV-1375, ECF 3 (S.D. Cal. Nov. 19, 2022).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court has conducted an independent review of Plaintiff's dismissals, *see Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-82 (2d Cir. 2019) (per curiam), and identified the following three strikes: (1) *Valles v. United States Att'y Gen.*, No. 23-55441 (9th Cir. Nov. 15, 2023) (dismissing appeal, filed while Plaintiff was a prisoner, as frivolous); (2) *Valles v. Cal. Dep't of Corrs. & Rehab.*, No. 21-16290 (9th Cir. Mar. 18, 2022) (same); (3) *Valles v. Cal. Dep't of Corrs. & Rehab.*, No. 2:20-CV-1905 (E.D. Cal. July 15, 2021) (dismissing action, filed while Plaintiff was a prisoner, for failure to state a claim on which relief may be granted).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). The gravamen of Plaintiff's claims is that the Sex Offender Registration and Notification Act's ("SORNA") requirement that he register as a sex offender upon his release from prison will violate his constitutional rights. In the complaint, Plaintiff alleges that requiring him to register as a sex offender will violate his constitutional rights because he "has never submitted himself to the national sex offender registry on his own accord." (ECF 1, at 13.) He asserts that, once released, he will be "irreparably injured" by being "ordered, compelled, and threatened with re-arrest and re-prosecution if and when he does not submit to [the Bureau of Prisons] and/or the Government's . . . power." (*Id.*) He maintains that requiring him to register violates his rights under the First Amendment "by demanding persons to speak against themselves in public." (*Id.* at 19.) Plaintiff also asserts that he "has been previously targeted, and subjected to sexual assaults" by law enforcement officers "due to the imposition of sex offender registration requirements exposure." (*Id.* at 15.) Plaintiff believes that because "what is past is prologue," "future misconduct is likely." (*Id.*)

Plaintiff's allegations do not demonstrate that his is in imminent danger of serious physical injury. First, his allegations that, once released from prison, he will be forced to choose between complying with SORNA or risking re-arrest, do not demonstrate any risk of serious *physical* injury. *See Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010) (for purposes of meeting the imminent danger exception, "the only relevant allegations are those in which [Plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment");

*Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *10 n.15 (S.D.N.Y. July 3, 2018 (declining to consider allegations unrelated to physical injury, threats of injury, or deprivation of medical treatment).

Second, to the extent that Plaintiff alleges that he was previously assaulted by law enforcement officers in the past, and that, therefore, he will again be assaulted in the future, such claims are speculative and not supported by any factual allegations. *See Lewis v. Huebner*, No. 17-CV-8101 (KMK), 2019 WL 1236299, at *3 (S.D.N.Y. Mar. 18, 2019) ("[T]he imminent danger must be real and not merely speculative or hypothetical." (citation and quotation marks omitted)); *Cash v. Bernstein*, No. 09-CV-1922 (BSJ) (HBP), 2010 WL 5185047, at *3 (S.D.N.Y. Oct. 26, 2010) ("[U]nsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." (citation and quotation marks omitted)), *report and recommendation adopted*, 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010); *see also Chavis*, 618 F.3d at 170 ("A court may find that a complaint does not satisfy the imminent danger exception if the complaint's claims of imminent danger are conclusory or ridiculous." (citation and quotation marks omitted)). Finally, nothing in the complaint suggests that Plaintiff was in any imminent danger, real or speculative, physical or otherwise, *at the time he filed the complaint. See Malik*, 293 F.3d at 563.

Plaintiff also asserts that, notwithstanding the Section 1915(g) bar, he should be permitted to bring this action under 28 U.S.C. § 1915(b)(4). That provision states, "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Section 1915(b)(4) applies only to "prisoners *qualified* to proceed in forma pauperis" in the first place. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016) (emphasis added). Here, as

at least one other court has explained to him, Plaintiff is not being prohibited from bringing this action because he cannot pay the fee; he is prohibited from bringing this action because, as a result of his litigation history, he is barred from doing so under Section 1915(g). *See Valles v. Att'y Gen. of the United States*, No. 22-CV-1375, 2023 WL 3637028, at *3 (S.D. Cal. May 24, 2023) ("[Valles] was not . . . prohibited from bringing this case because he had no assets or means to pay a partial initial filing fee. Instead, no partial filing fee was assessed because his motion to proceed [IFP] was denied pursuant to 28 U.S.C. § 1915(g)."); *see also id.* ("The 'safety valve' provision set out in 28 U.S.C. § 1915(b)(4) applies only to 'prisoners qualified to proceed in forma pauperis' in the first place. Pursuant to 28 U.S.C. § 1915(g), Valles is no longer qualified." (internal citations and quotation marks omitted)). Plaintiff therefore cannot rely on Section 1915(b)(4) to circumvent the bar under Section 1915(g).

Accordingly, the Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under Section 1915(g).[2]

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff

---

[2] Plaintiff attaches to the complaint a handwritten "Notice of Appeal" in which he seeks to appeal "the order[] that either granted or denied Plaintiff/Appellant's motion requesting leave to appeal immediately for good cause." (ECF 1-1, at 1.) Because there was no order or judgment from which to appeal entered on the docket at the time Plaintiff filed the notice of appeal, and because Plaintiff alleges that he is about to be released from custody, therefore changing his circumstances with respect to the Section 1915(g) bar, the Court declines to docket the submission as a notice of appeal of this order. If Plaintiff wishes to appeal this order, he may file a separate notice of appeal that properly identifies the order or judgement that he is appealing.

[2] Plaintiff, while his is a prisoner, may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    February 25, 2025
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

If Plaintiff is no longer a prisoner, and therefore no longer subject to the Section 1915(g), he may refile this action and seek IFP status. If Plaintiff refiles the action IFP after he is released from custody, the complaint will be reviewed under 28 U.S.C. § 1915, which also requires the court to dismiss any IFP complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Section 1915(g) bar order will not apply if Plaintiff is not a prisoner at the time he files the complaint.

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).